Learned, P. J.
There can hardly be any doubt that there was evidence justifying the finding that defendants’ were negligent.
They were engaged in constructing the N. Y., W. S. and B. R’y, and were making up a train composed of cars loaded with material and of empty cars. They were not, therefore, running a road in actual operation, which necessarily crossed the track of the A. and S. B. R.
In making up this train on the main track of the N. Y., W. S. and B. R’y Co., they backed some cars northward and coupled to the front or southerly car of two or three cars standing on that track and south of the crossing, assuming that these two or three cars were coupled together. They were not, and the cars which were backed forced these two or three northward until the north end of the rear car projected over the southerly rail of the A. and S. B. B. Plaintiff’s train was then in sight. Defendant’s *739 employees attempted to push the car off the crossing and out of the way of plaintiff’s train, but were unable to do so, and there was not titile for defendant’s train safely to back up and to draw the projecting car away.
If this projecting car had been properly coupled, or if a block had been put behind the wheels, this car would not have been pushed over the rail of the A. and S. B. B. so as to cause the accident.
It was* a question of fact for the referee whether defendants were not negligent in thus needlessly pushing their car upon the crossing.
The fact that the plaintiff’s train was ahead of time is not conclusive to show defendants free from negligence. They were not, as above observed, running a train along their track and over the crossing, and thus there was no claim to a right of way at this time. They were only malting up a working train south of the track; and in hacking up towards the standing cars they neglected to see whether those cars were coupled together, and neglected any precautions to prevent such cars from getting upon the crossing.
What they did, in fact, was to push a car upon the crossing. The more serious question, and that which has been principally argued, is as to plaintiff’s contributory negligence.
The trucks of the car were not on the crossing; only the end of the car projected over the south rail of the A. and S. B. B. about two feet. Hence, the obstruction would necessarily not be as apparent as if the cars had been directly across the track. The plaintiff says he saw ahead at this crossing; the rail was all clear. That when he first saw the obstruction he was two hundred and fifty feet distant, and was in his proper place on the right side (the south side). That the_ first thing which attracted his attention was a man moving his hat; that it was not an instant before he saw the car and reversed his engine and blew “down brakes;” but that the train was too heavy and they could not stop.
The defendants sent a man, Milan, up the track to warn the plaintiff of the danger. The referee finds that this man went a couple of hundred yards until he met the engine. The plaintiff insists that this is a clerical error in the report, and that it should be “feet” instead of “yards.”
This matter is not quite clear. There was a switch which seems to have connected the two roads, like the side of a triangle. Milan says he got 200 or 300 above the switch. Wagoner, who was making up defendant’s train, says he walked to the rear end of the train to see if everything was right; saw it was not; swung the engine ahead *740 and the cars came apart. He looked and saw plaintiff’s train coming fifty to one hundred yards away. It does not appear how far the switch extended -up the track, but the west end would seem to be about 350 feet from the crossing.
So that it is not shown that the referee intended to say “feet” instead of “yards.” But the referee, after finding that Milan met the engine two hundred yards from the crossing, afterwards finds that the plaintiff first saw a man a couple of hundred yards from the crossing, waving his hat, and then first discovered his danger, and endeavored to stop, hut could not. Therefore, the referee finds that plaintiff did what he could as soon as he discovered the obstruction.
When the plaintiff saw that there would be a collision he jumped off on the left side just as the crash came. If he had remained he would not have been injured. But he acted under a sense of imminent danger, and can therefore recover if he was not otherwise negligent.
The plaintiff’s train was about sixteen minutes ahead of time. But this was in e obedience to an order received by plaintiff and the conductor that morning from the superindent of plaintiff’s road.
By the rules of plaintiff’s road freight and coal trains are not to exceed eighteen miles an hour. Plaintiff was running fifteen miles an hour, and it does not appear that he was to stop at this station.
The defendants urge that the plaintiff ought not to have been running his train as fast as fifteen miles an hour approaching this crossing, and that there were no brakemen in their places on the train. If the brakemen were not in their places, it does not appear that this was plaintiff’s fault. Nor can we say, as matter of law, that the plaintiff was incautious (under the rules of the company) in approaching the crossing. What is required for a cautious approach must be very much a matter of inference in each case to be drawn by the jury or the referee.
On examining an the evidence, it seems to us that there is no ground to reverse the referee’s conclusions
Judgment affirmed, with costs.
Bockes and Landon, JJ,, concur.